UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| GEORGE A. SEMKO, | ) | |
| | ) | |
| Plaintiff, | ) | 3:24-CV-492 |
| | ) | |
| vs. | ) | |
| | ) | |
| EDFINANCIAL SERVICES, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

The parties in this cause have filed a Joint Motion to Replace the Complaint [Doc. 20] and attached a proposed redacted version of the Complaint [Doc. 20-1].[1] Defendants previously filed a Motion to Seal [Doc. 16] and Memorandum in Support [Doc. 17], in which they argue that the identified portions of the Complaint should be sealed because they include sensitive business information, including information concerning specific contract terms and negotiations with customers, product development, sales and marketing strategy, and information concerning the identities of customers. In their Joint Motion, the parties clarify that Plaintiff's agreement to replace the current version of the Complaint [Doc. 1] with the redacted version [Doc. 20-1] is not a concession that the redacted information is confidential. The Court also takes into account that the parties have contemporaneously filed a Joint Stipulation to Compel Arbitration and Stay Proceedings [Doc. 21].

---

[1] The redacted Complaint is the same version that is attached as Exhibit A to Defendant's previously filed Motion to Seal Previously Filed Document [Docs. 16, 16-1].

"The public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). This is because the public has an interest in learning what information courts rely upon in reaching their decisions. *Shane Grp.*, 825 F.3d at 305 (citing *Brown & Williamson*, 710 F.2d at 1181). Moreover, it is the party seeking sealing who bears the burden of overcoming the strong presumption in favor or openness of court records. *Id*. Specifically, the Sixth Circuit has advised that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id*. (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

The Sixth Circuit has also recognized that trade secrets will generally satisfy a party's burden of showing a compelling reason for sealing documents. *See Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). Nonetheless, "even if a district court finds that a trade secret exists, it must still determine whether public interest outweighs the moving party's interests in protecting their trade secret." *See id. See also Andrews v. Tri Star Sprots and Entertainment Group, Inc.*, NO. 3:21-cv-00526, 2023 WL 3590673 at *1 (E.D. Tenn. 2023) (finding redaction appropriate where documents contained trade secrets such as particular employees' billing rates, the name of Defendant's client, and information pertaining to business strategies during the Covid-19 pandemic).

The Court finds that there are good grounds for permitting the filing of a redacted version of the Complaint while maintaining the original Complaint under seal. As such, the Joint Motion to Replace the Complaint [Doc. 20] is **GRANTED** to the extent that the redacted Complaint [Doc. 20-1] will be available in the public record. The Clerk of Court is **DIRECTED** to keep the original

current Complaint [Doc. 1] under seal and file the redacted version to which the parties have agreed [Doc. 20-1] into the public record. Should either party wish for these documents to be unsealed in the future, a request to unseal should be made by filing an appropriate motion with the Court.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge